UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-61464-CIV-MARRA/JOHNSON

SOUTHGATE GARDENS
CONDOMINIUM ASSOCIATION, INC.,
a Florida non-profit corporation,

Plaintiff,

v.

ASPEN SPECIALTY INSURANCE
COMPANY, a corporation authorized
and doing business in Florida,

Defendant.
_______________________________________/

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court on Defendant Aspen Specialty Insurance Company's Motion for Summary Judgment (DE 3). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

**Background**

On August 21, 2007, Plaintiff Southgate Gardens Condominium Association, Inc. ("Plaintiff") filed its Complaint alleging one count of breach of contract against Defendant Aspen Specialty Insurance Company ("Defendant") and seeking a declaratory judgment determining its rights under a policy of insurance issued by Defendant. (DE 1.) The case was removed to this Court on October 12, 2007. (*Id.*)

The facts, as gleaned from the affidavits and exhibits submitted by the parties, are as follows: after the previous case was dismissed by the Court, Plaintiff notified Defendant that it

was filing supplemental claims to recover the remaining amount of the depreciation holdback[1] and to recover additional money for damage identified as part of an inspection of the property. (Igoe Aff. ¶ 14; Wallis Aff. ¶ 11.) As part of its investigation of the supplemental claims, Defendant requested to take "examinations under oath" of individuals who had served in the capacity as president of Plaintiff since the damage had been wrought by Hurricane Wilma. (Igoe Aff. ¶ 16; Wallis Aff. ¶ 12.) These examinations were scheduled for late August 2007 but were subsequently cancelled. (Wallis Aff. ¶¶ 14, 15.) On August 21, 2007, Plaintiff filed suit against Defendant. Then, on August 29, 2007, Plaintiff offered to "enable [Defendant] to obtain sworn statements in the litigation discovery so long as [Defendant's] representatives and adjusters can be made available around the same time." (Wallis Aff. Ex. 7.) Again, in January 2008, Plaintiff offered to submit to the examinations, but Defendant rejected that offer. (Pl. Resp. Ex. B-C.)

**Standard of Review**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is

---

[1]The parties to this action were parties to another action before this Court, *Southgate Gardens Condominium Assoc., Inc. v. Aspen Specialty Insurance Co.*, No. 06-61817-CIV-MARRA. The parties settled that case, and as part of the settlement, the parties stipulated "that the full amount of the depreciation holdback is $855,356.00 and that Defendant has paid Plaintiff $568,891.17 of the depreciation holdback." (DE 20, No. 06-61817.) The Court assumes familiarity with the facts and circumstances of that case.

unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

**Discussion**

The instant motion for summary judgment is focused on one provision of the insurance policy:

> [The insurer] may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

(Condominium Association Coverage Form, Compl. Ex. A.) The insurance contract also states that "no one may bring a legal action against [Defendant] under this Coverage Part" unless Plaintiff has "been in full compliance with all the terms of this Coverage Part." (Commercial Property Conditions, Compl. Ex. A.)

Defendant argues that Plaintiff has not complied with its request for examinations under oath ("EUO") of certain individuals. Defendant states that complying with the request for EUOs is a condition precedent for maintaining a civil action. As a result, Defendant argues that Plaintiff has not complied with the terms of the policy and cannot maintain an action for breach of contract. In contrast, Plaintiff argues that it has cooperated fully with Defendant, offering them the chance to conduct the EUOs simultaneously with depositions. Alternatively, Plaintiff argues that Defendant's requests for EUOs at this time is unreasonable such that it need not comply.

The language of the insurance contract is clear that Plaintiff's compliance with the policy, including submission to EUOs, is a condition precedent to the initiation of civil litigation. The Florida Supreme Court long ago recognized that a "requirement in a policy. . .that the insured shall submit to an examination under oath touching the matters relating to the risk assumed by

the company and the destruction of the property insured is binding and valid, and a refusal to comply with this condition will preclude the insured from recovering upon that policy, where it provides that no suit can be maintained until after a compliance with such condition. *Southern Home Insurance Co. v. Putnal*, 49 So. 922, 932 (Fla. 1909). Compliance with provisions requiring EUOs are conditions precedent to suit; substantial assistance or cooperation with an insurer's requests for EUOs, without substantial compliance, is insufficient to satisfy the condition precedent. *Goldman v. State Farm Fire General Insurance Co.*, 660 So. 2d 300, 304 (Fla. Dist. Ct. App. 1995). Likewise, "the giving of recorded statements or the taking of depositions with both sides present does not constitute substantial compliance with the policy conditions." *Id.*; *see also Archie v. State Farm Fire & Casualty Co.*, 813 F. Supp. 1208, 1213 (S.D. Miss. 1992) ("Plaintiff's agreement finally to sit for a deposition, nine months after the insured moment, after plaintiff has filed a lawsuit hardly satisfies the spirit or intent of insurance policy clauses mandating oral examinations.").

In this case, the parties do not dispute that Defendant's requests for EUOs were not satisfied prior to Plaintiff's filing suit in state court. Plaintiff's offer to have certain individuals deposed and Plaintiff's offer to allow the EUOs in January 2008 do not satisfy the requirement. Plaintiff's actions do not constitute compliance with this express condition precedent for filing suit. *Cooperation* with Defendant's request does not connote *compliance*, and neither of Plaintiff's offers demonstrates compliance prior to filing suit. Thus, Plaintiff has not met one of the conditions precedent to filing its lawsuit.

Plaintiff argues both that Defendant has waived its right to request EUOs and that Defendant's requests are "unreasonable." Citing *Willis v. Huff*, 736 So. 2d 1272 (Fla. Dist. Ct.

App. 1999), Plaintiff states that "a history of refusal to conduct the examinations under oath by Defendant is construed. . .as a waiver of said condition precedent." (Pl. Resp. 5.) The *Willis* court also held, however, that "[t]he EUO, in order to be a condition precedent, must be requested before suit is filed." *Willis*, 736 So. 2d at 1274. In this case, Plaintiff admits that Defendant requested the EUOs prior to Plaintiff's having filed suit. (Pl. Resp. 4.) Hence, *Willis* does not support the notion that Defendant "waived" its right to take EUOs.[2] Further, while Plaintiff claims that Defendant's requests for EUOs were "unreasonable," Plaintiff cites no authority for the proposition that the requests for EUOs are unreasonable. Plaintiff simply draws a naked conclusion that such requests "must" be unreasonable. The Court finds such statements unpersuasive.

Accordingly, the Court finds that by failing to submit to the requested EUOs, Plaintiff failed to comply with a condition precedent to filing suit against Defendant. Therefore, Defendant's motion for summary judgment should be granted. The Court's analysis does not end here, however. Plaintiff argues that, if the Court finds it failed to comply with a condition precedent, the Court should stay or abate its claim against Defendant until it complies with the EUO request. In contrast, Defendant argues that Plaintiff's failure to comply before filing suit constitutes a material breach of the contract precluding recovery under the insurance policy.

The Court is faced with conflicting authority on the effect of a party's failure to comply

---

[2]Likewise, *Wyatt v. Milner Documents Products, Inc.*, 932 So. 2d 487 (Fla. Dist. Ct. App. 2006) does not even relate to waivers of conditions precedent in a contract, and does not support Plaintiff's position. In *American Bankers Insurance Co. v. Terry*, 277 So. 2d 563 (Fla. Dist. Ct. App. 1973), the court held that when an insurance company admits liability by making an offer of settlement, it waives the ability to request the filing of proof of loss. *Id.* at 564. However, in this case, Defendant did not make an offer of settlement then subsequently retract that offer and demand to take an EUO. Thus, the Court finds this case equally unavailing.

with a condition precedent to suit. In *Wright v. Life Insurance Co. of Georgia*, 762 So. 2d 992 (Fla. Dist. Ct. App. 2000), Florida's Fourth District Court of Appeals held that "a condition precedent. . .bars suit against the insurer until the insured complies with the relevant policy provisions." *Id*. at 993. In that case, because the plaintiff had not complied with the condition precedent, the court granted summary judgment without prejudice to the insurer and granted the insured leave to refile her suit after compliance with the condition.[3] *Id.*

Nevertheless, in *Goldman*, the Fourth District Court of Appeals under similar facts to the instant case declined to dismiss the case without prejudice. The court stated that "any belated compliance by appellants more than two (2) years subsequent to the loss and the commencement of suit would satisfy neither the spirit nor intent of the policy conditions at issue." *Goldman*, 660 So. 2d at 305. The court thus held that the plaintiff's "noncompliance precludes an action on the policy." *Id.* at 306.

Both *Wright* and *Goldman* were decided by the Fourth District Court of Appeals, but the two cases appear to deliver inconsistent holdings. However, despite these inconsistencies, the Court cannot construe *Wright* as altering the holding of *Goldman*. In Florida, "[f]or one case to have the effect of overruling another, the same questions must be involved; they must be affected by a like state of facts and a conclusion must be reached in hopeless conflict with that in the former case." *State ex rel. Garland v. City of West Palm Beach*, 193 So. 297, 298 (Fla. 1940). Otherwise, Florida's appellate courts are bound by the doctrine of stare decisis, so that "when a

[3]The court stated that, in general, "the proper remedy for premature litigation is an abatement or stay of the claim." *Wright*, 762 So. 2d at 994. However, the court also stated that abatement is not appropriate where the plaintiff has not specifically sought an abatement of the litigation. *Id.* "We, therefore, are not inclined to grant a remedy that Wright did not ask for at the trial level." *Id.*

point of law has been settled by decision, it forms a precedent which is not afterwards to be departed from." *McGregor v. Provident Trust Co. of Philadelphia*, 162 So. 323, 328 (Fla. 1935); *see also Della-Donna v. Nova University, Inc.*, 512 So. 2d 1051, 1054 (Fla. Dist. Ct. App. 1987).

The court in *Wright* cited *Goldman* when it held that granting summary judgment without prejudice was appropriate when a plaintiff had failed to comply with a condition precedent to filing suit. Reading these two cases in harmony, the Court must assume that dismissal with or without prejudice may be appropriate given the circumstances of a case.[4]

In *Goldman*, the court indicated that dismissal with prejudice was appropriate because more than two years had passed since the loss giving rise to the insurance claim. *Goldman*, 660 So. 2d at 305. Such a delay, the court reasoned, defeated the intent of the EUO provision, which is to "enable the insurer to possess itself of all knowledge and all information as to other sources and means of knowledge. . .to enable it to decide upon its obligations and to protect it against false claims." *Id.* at 306 n.9. The court suggested that a two year delay might prevent the insurance company from collecting needed evidence, and as a matter of policy, timely cooperation should be encouraged. *Id.* at 305-06.

Here, however, less than nine months have elapsed since Defendant's request for EUOs, unlike the two years in *Goldman*. While this is undoubtedly a substantial delay, the loss in question occurred in 2005 as a result of Hurricane Wilma. *Defendant* waited nearly two years to request the EUOs in the first instance. The delay caused by Plaintiff's filing suit is doubtless substantial, but it pales in comparison to the two year "delay" between the loss giving rise to the claim occasioned by Defendant's belated request for the EUO. Thus, this case is factually

---

[4]Even *Goldman* recognized that "forfeitures are not favored." 660 So. 2d at 305.

distinct from *Goldman*, and the Court does not believe that allowing Plaintiff to comply with the EUO requirement at this time would run contrary to the spirit or intent of the EUO provision.

Plaintiff believed that Defendant had waived its right to request EUOs. Plaintiff was incorrect, but Defendant's own evidence shows that Plaintiff's intent was to comply with the EUOs should they be required by the Court. (*See* Wallis Aff. Ex. 7.) ("Let's schedule the [EUO's] in October 2007, which will enable both parties to bring this matter to the Court in the pending litigation and afford the Court the opportunity to examine the issue and the law and rule whether [Defendant] is still entitled to take contractual examinations under oath or is limited to discovery depositions. Again, the insured is not refusing to cooperate."). Plaintiff's noncompliance with the EUO requirement does not appear to be willful. Accordingly, the Court finds that dismissal without prejudice to allow belated compliance with the EUO provision is the most prudent course of action.

**Conclusion**

It is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE 3) is **GRANTED**. The Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**. Any other pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of May, 2008.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record